Filed 2/26/16  P. v. Trader CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOSEPH TRADER,<br><br>    Defendant and Appellant. | D068955<br><br><br>(Super. Ct. No. SCD253344,<br>  SCD251764, SCD250682) |

APPEAL from a judgment of the Superior Court of San Diego County, Robert F. O'Neill, Judge.  Affirmed.

Ashley N. Johndro for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

This case involves convictions by guilty pleas in three separate cases.  In case SCD251764 Joseph Trader pleaded guilty to one count of transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a)), with a Penal Code section 12022.1 enhancement for committing the crime while out on bail, and two Health & Safety Code section 11370.2, subdivision (c) violations for previous felony convictions.

As part of the plea agreement the remaining charges and allegations were dismissed and Trader stipulated to a 10-year sentence.

In case SCD250682 Trader pleaded guilty to one count of possession of methamphetamine for sale (Health & Saf. Code, § 11378). The remaining counts and allegations were dismissed and Trader stipulated to a consecutive eight-month term.

In case CD253344 Trader pleaded guilty to possession of methamphetamine for sale (Health & Saf. Code, § 11378). Trader stipulated to a consecutive eight-month term for this offense.

The trial court sentenced Trader to an 11-year four-month term in local custody. The court did not suspend any part of the sentence and did not order any period of mandatory supervision.

Seven months after sentencing Trader filed a motion to modify his sentence and to order a portion of the sentence to be served in mandatory supervision (Pen. Code, § 1170, subd. (h)(5)(A)). The trial court denied the motion, finding the court lacked jurisdiction to modify an executed sentence. Trader filed a notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating she has not been able to identify any reasonably arguable issue for reversal on appeal. Counsel asks this court to review the record for error as mandated by *Wende*.

We offered Trader the opportunity to file his own brief on appeal, however, he has not responded.[1]

DISCUSSION

As we have noted, appellate counsel has filed a brief pursuant to *Wende, supra*, 25 Cal.3d 436 requesting the court to review the record for error. In order to assist the court in its review, as mandated by *Anders v California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible, but not reasonably arguable issue for reversal on appeal:

Whether the trial court had jurisdiction to modify the sentence, which had been executed, and in which no portion had been suspended under Penal Code section 1170, subdivision (h)(5)(A).

We have reviewed the entire record as mandated by *Wende, supra,* 25 Cal.3d 436 and *Anders, supra,* 386 U.S. 738. We have not been able to identify any reasonable arguable issue for reversal on appeal. Competent counsel has represented Trader on this appeal.

---

[1] The convictions in this case arise out of guilty pleas to two counts of possession of methamphetamine for sale, and one count of transportation of methamphetamine. The sentences for each count was stipulated by the parties. We find it unnecessary to discuss the "facts" of the offense in this opinion.

DISPOSITION

The judgment is affirmed.


                                                            HUFFMAN, Acting P. J.

WE CONCUR:


          McDONALD, J.


          PRAGER, J.*

_____

*         Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.